# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-368 consolidated with 23-510

**STATE OF LOUISIANA**

**VERSUS**

**RON CLEON JOHNSON**

**********

ON WRIT OF CERTIORARI FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C32761
HONORABLE DESIREE DUHON DYESS, DISTRICT JUDGE

**********

**CANDYCE G. PERRET
JUDGE**

**********

Court composed of Elizabeth A. Pickett, Candyce G. Perret, and Sharon Darville Wilson, Judges.

**WRIT DENIED, IN PART.
WRIT GRANTED IN PART AND
REMANDED WITH INSTRUCTIONS.**

**Billy Joseph Harrington**
**District Attorney**
**Clifford Royce Strider, III**
**Assistant Attorney General**
**R. Bray Williams**
**Assistant District Attorney**
**Post Office Box 838**
**Natchitoches, LA  71458-0838**
**200 Church Street**
**Natchitoches, LA   71457**
**(318) 357-2214**
**COUNSEL FOR RESPONDENT:**
      **State of Louisiana**

**G. Paul Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, LA  70598-2389**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/RELATOR:**
      **Ron Cleon Johnson a/k/a Ronnie C. Johnson**

**Ron Cleon Johnson**
**Madison Parish Correctional Center**
**Builting 4, Dorm D**
**158 Treatment Plant Road**
**Tallulah, LA   71282-7406**
      **In Proper Person**

**PERRET, Judge.**

Defendant-Relator, Ron Cleon Johnson, ("Relator") was convicted by a jury of three counts of violation of a protective order, second offense, and was subsequently sentenced to two years on each count, to be served consecutively, in the Department of Corrections, without benefit of probation, parole, or suspension of sentence. A fine of $1,000.00 on each count was also ordered. After the State filed a habitual offender bill, Defendant was adjudicated a fourth habitual offender on March 8, 2023, and sentenced to twenty years in the Department of Corrections, without benefit of probation or suspension of sentence. Relator filed a "Motion to Vacate and to Set Aside an Illegal Sentence and for a Correction of Illegal Sentence," which was denied by the trial court on April 17, 2023. Relator now seeks supervisory review of that denial. By order of this court, Relator's writ application was consolidated with Relator's pending appeal, the opinion of which was rendered in *State v. Johnson*, 23-510 (La.App. 3 Cir. __/__/__), ___ So.3d ___. After review, we deny the writ in part, and grant the writ in part. The case is remanded for the trial court to issue a ruling when it regains jurisdiction to do so.

**FACTS AND PROCEDURAL BACKGROUND:**

The detailed facts of this case are set forth in the consolidated appeal, *Johnson*, ___ So.3d ___. For the purposes of this writ application, the following procedural information is applicable.

On April 12, 2023, Relator filed his "Motion to Vacate and to Set Aside an Illegal Sentence and for a Correction of Illegal Sentence" with the trial court. Relator argued he was illegally sentenced as a habitual offender. Relator argued the protective orders upon which Relator's convictions in counts one and two were based on expired before the State filed its second amended bill of information,

rendering the bill of information defective on its face. Additionally, Relator claimed that the victim never filed a petition seeking an order of protection in the docket numbers related to counts one and two. Relator further claimed he was denied due process in that he was never given an opportunity to be heard in any hearing related to the issuance of the involved protective orders.

On April 17, 2023, the trial court denied Relator's motion without reasons. Relator subsequently filed a notice of intent, which was denied by the trial court on April 27, 2023. The trial court found Relator's notice of intent to be improper due to Relator's pending appeal of his conviction and sentence addressing the same issues raised in his motion to vacate.

On June 8, 2023, Relator filed a writ application with this court seeking supervisory review of the trial court's April 17, 2023 denial of his "Motion to Vacate and to Set Aside an Illegal Sentence and for a Correction of Illegal Sentence." By order of this court, Relator's writ application was consolidated with Relator's pending appeal, the opinion of which was rendered in *Johnson*, ___ So.3d ___.

In his writ application, Defendant argues two assignments of error: (1) that the protective orders for counts one and two were expired at the time he made the prohibited phone call and, (2) that those same protective orders were improperly issued.

**DISCUSSION:**

It is the content of the pleading, not its caption, that determines its nature. *State ex rel. Daley v. State*, 97-2612 (La. 11/7/97), 703 So.2d 32. Although Relator filed a motion to correct illegal sentence, Relator does not challenge the legality of his sentences. Instead, Relator is challenging the validity of his convictions; thus,

2

his motion was, in fact, an application for post-conviction relief. *See* La.Code Crim.P. arts. 924(A) and 930.3.

"An application for post-conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending." La.Code Crim.P. art. 924.1. Pursuant to La.Code Crim.P. art. 916, "[t]he jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal." While the trial court maintains jurisdiction to sentence Relator as a habitual offender and correct any illegality in the sentences imposed, it is divested of jurisdiction to rule on any post-conviction relief filed by Relator. *See* La.Code Crim.P. art. 916. Since the trial court had granted Relator's motion for out-of-time appeal on February 8, 2023, the trial court did not have jurisdiction to rule on Relator's application for post-conviction relief. *See* La.Code Crim.P. arts. 916 and 924.1.

Additionally, Relator's claim that the protective orders at issue in counts one and two had already expired when he made the prohibited phone call was also raised in his appeal. For the sake of judicial economy, this claim is denied for the reasons stated in *Johnson*, ___ So.3d ___. As for Relator's remaining claim, that the trial court did not follow the proper procedure when it issued the protective orders in counts one and two, the writ application is granted, and the case remanded for the trial court to issue a ruling when it regains jurisdiction to do so.

**WRIT DENIED, IN PART. WRIT GRANTED IN PART AND REMANDED WITH INSTRUCTIONS.**